EL PUEBLO, DEMANDANTE Y APELADO, *v.* GARCÍA & GARCÍA, ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción del artículo 553 del Código Penal.

No. 711.—Resuelto en julio 19, 1915.

CIERRE DE ESTABLECIMIENTOS—CONSTITUCIONALIDAD DEL ARTÍCULO 553 DEL CÓDIGO PENAL ENMENDADO POR LEY No. 131 DE 1913—CONTRATOS REFERENTES AL TRABAJO.—El artículo 553 del Código Penal enmendado por Ley No. 131 de 1913, que dispone que será suspendido todo trabajo a las 7 de la noche en los

establecimientos comerciales especificados, no restringe el derecho a celebrar contratos referentes al trabajo, ya que no es el próposito directo del estatuto la limitación de las horas de trabajo sino el regular los períodos de descanso o suspensión del trabajo durante la semana.

Id.—Horas de Trabajo—Conocimiento Judicial.—Esta Corte Suprema tomará conocimiento judicial del hecho de que por lo general los hombres no podrán ni trabajarán diecinueve horas diarias.

Id.—Constitucionalidad de las Leyes Relativas al Cierre de Establecimientos—Reglamentaciones Civiles y Religiosas.—La constitucionalidad de las leyes relativas al cierre de los establecimientos el domingo ha sido generalmente sostenida en la mayoría de los estatutos por el fundamento de que dichas reglamentaciones son esencialmente civiles y no religiosas, cuya validez no está robustecida ni debilitada por el hecho de que el descanso que regulan sea el del domingo.

Derecho Constitucional — Constitucionalidad de Estatutos — Deber de las Cortes.—Generalmente se ha resuelto que es el deber de las cortes sostener la constitucionalidad de los estatutos a menos que claramente resulte lo contrario.

Cierre de Establecimientos—Reglamentaciones Sobre los Mismos—Intención del Legislador.—Las cortes no investigarán respecto a las razones que los legisladores hayan podido tener en cuenta al aprobar reglamentaciones sobre el cierre de establecimientos siempre que ellas mismas no sean contrarias a la razón.

Derecho Constitucional—Leyes de Aplicación General.—*A fortiori* una ley que es de aplicación general no debe ligeramente ser declarada inconstitucional.

Id.—Orden Público—Ordenanzas o Reglamentaciones Relativas al Orden Público.—El hecho de que las ordenanzas o reglamentaciones de orden público produzcan en su aplicación un obstáculo al libre ejercicio de la clase de negocios que están sujetos a ellas, no puede por sí solo poner a prueba su validez, si ellas proporcionan razonables facilidades para llevar a cabo el negocio, y no equivalen a una prohibición sino solamente constituyen una reglamentación del mismo.

Id.—Interpretación de Leyes—Exenciones—Ocupaciones Particulares—Trabajos de Necesidad.—El hecho de que un estatuto exima a ciertas clases de su aplicación no lo hace inconstitucional cuando claramente aparece que las exenciones eran aquellas en que la ocupación particular sufriría pérdidas inmediatas o cuando las clases excluídas eran trabajos de necesidad.

Id.—Horas de Trabajo—Restricción para Contratar Sobre el Trabajo.—Cuando un hombre está libre para contratar por dieciocho o diecinueve horas diarias no puede decirse que la obligación de suspender el trabajo por un período de cinco horas sea una restricción injustificada de su libertad para contratar.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Jacinto Texidor.*

Abogado del apelado: *Sr. Salvador Mestre, fiscal.*

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

García & García fueron acusados de haber infringido el artículo 553 del Código Penal enmendado (Ley No. 131 de 1913), porque en 8 de septiembre de 1913, voluntaria y maliciosamente tenían abierto al público su establecimiento de provisiones a las ocho y cuarto de la noche. El único objeto de esta apelación es discutir la constitucionalidad del referido artículo. Dicho artículo es como sigue:

"Los domingos durante todo el día, los días de fiestas legales desde las 12 m., y todos los días laborables desde las 6 p. m., menos los sábados y los sábados desde la 10 p. m., permanecerán cerrados al público, y una hora después de cerrado suspenderán todo trabajo para los empleados, los establecimientos comerciales e industriales, con excepción de los mercados públicos para la venta de artículos alimenticios de primera necesidad, las fábricas de azúcar y alcoholes, tahonas de café, farmacias, imprentas, garages, panaderías, hoteles, restaurants, bodegones, casinos, salones de billar, depósitos de hielo, puestos de carnes, puestos de leche, lugares donde sólo se venden refrescos, dulces, tabaco manufacturado, fósforos y periódicos, vaquerías, mataderos, cocheras, muelles de espigón y de ribera, agencias funerarias, y los cafés; exceptuándose también las empresas de utilidad pública y cuasi pública y trabajos urgentes y necesarios para evitar peligros o considerables pérdidas de dinero. Los teatros u otros lugares dedicados exclusivamente a recreo o a fines de caridad tampoco estarán comprendidos en las disposiciones de este artículo, en cuanto se refiere a los fines indicados.

"Toda infracción de este artículo constituirá delito y se castigará con multa, que no excederá a cincuenta dólares ($50)."

Hubo gran discusión en los alegatos presentados por ambas partes respecto a la aplicabilidad del caso de *Lochner* v. *New York,* 198 U. S., 45. El precepto del estatuto de New York contenido en dicho caso era el de que ningún empleado contratará o convendrá en trabajar más de diez horas diarias. La disposición hacía referencia al oficio de panadero, habiendo resuelto la Corte Suprema de los Estados Unidos que el estatuto estaba en pugna con el derecho a contratar que existe entre el principal y sus empleados respecto al número de horas en las cuales podrían estos últimos trabajar en la panadería del patrono, y por tanto que constituía una infrac-

ción injustificada, innecesaria y arbitraria de los derechos que tienen las personas a celebrar contratos referentes al trabajo, y que como tal está en conflicto y es nulo de acuerdo con la Constitución Federal.

Alegan los apelantes que el artículo en cuestión es una invasión de su libertad individual y de sus derechos a poner en ejercicio sus actividades y trabajo, y a la vez un ataque contra la propiedad, puesto que el referido artículo restringe el trabajo a ciertas horas determinadas. Los apelantes niegan toda intención de impugnar ninguna parte de la ley relativa al cierre de establecimientos los domingos, pero sostienen que la Legislatura no tiene ningún derecho a limitar sus horas en los días laborables. El artículo 553 según quedó finalmente redactado dispone que será suspendido todo trabajo a las siete de la noche en los establecimientos comerciales de referencia; en otras palabras, que todo hombre está libre para trabajar y contratar trabajo por diez y nueve horas en todos y cada uno de los días, con excepción del domingo, y por veintidós horas el sábado. Esta corte tomará conocimiento judicial del hecho de que por lo general los hombres no pueden ni trabajarán diez y nueve horas diarias. Por consiguiente, los casos como el de *Lochner* v. *New York, supra,* no son de aplicación directa puesto que en el referido caso y en otros semejantes lo que se pretendió hacer fué limitar el número de horas de los trabajadores en cuestión a unas diez horas al día, declarando la corte que esto constituía una infracción, contraria a la razón de la libertad para celebrar contratos.

El artículo 553 del Código Penal tal como fué originalmente redactado disponía simplemente que los establecimientos comerciales e industriales permanecerían cerrados en ciertas horas del domingo. El estatuto según ha sido enmendado prescribe que estarán cerrados los establecimientos durante todo el día del domingo y desde las 6 p. m., en todos los días laborables; en otras palabras, no es el propósito directo del estatuto la limitación de las horas de trabajo, sino

el regular los períodos de descanso o suspensión del trabajo durante toda la semana.   La constitucionalidad de las leyes relativas al cierre de establecimientos los domingos ha sido generalmente sostenida en la mayoría de los Estados Unidos por el fundamento de que dichas reglamentaciones son esencialmente civiles y no religiosas, cuya validez no está robustecida ni debilitada por el hecho de que el descanso que regulan es el del domingo. *Hennington* v. *Georgia,* 163 U. S., 299; *Soon Hing* v. *Crawley,* 113 U. S., 703, 710; *Ex parte Jentzsch* 112 Cal., 472; 37 Cyc., 541.   Por tanto, la verdadera cuestión sometida a nuestra consideración es siempre si la Legislatura al prescribir cierto número de períodos de descanso en la semana, procedió en contra de la razón.   Se ha resuelto generalmente que es el deber de una corte sostener la constitucionalidad del estatuto a menos que claramente resulte lo contrario.   *Ponce Lighter Co.* v. *Ponce,* 19 D. P. R., 760, y autoridades citadas; *People* v. *Neagle,* 21 D. P. R., 339.

También ha sido resuelto frecuentemente que las cortes no investigarán respecto a las razones que los legisladores hayan podido tener en cuenta al aprobar dichas reglamentaciones siempre que las reglamentaciones mismas no sean contrarias a la razón. *Soon Hing* v. *Crawley,* 113 U. S., 703; *Cronin* v. *People,* 37 A. R., 564, 82 N. Y., 318; *Baker* v. *State,* 12 N. W., 17, 18; *People* v. *Gardner,* 143 Mich., 107, 106 N. W., 542; *Dobbins* v. *City of Los Angeles,* 139 Cal., 184.

*Soon Hing* v. *Crowley, supra,* fué un caso en el cual la ciudad de San Francisco disponía ciertas reglamentaciones a fin de que los lavaderos de ropa permanecieran cerrados durante ciertas horas de la noche, y dice la corte:

"La objeción de que la sección cuarta es nula por el fundamento de que ella priva a un hombre del derecho a trabajar a todas las horas carece asimismo de fuerza.   Por amplio que sea el derecho de cada uno a seguir la profesión y emplear su tiempo en la forma en que juzgue más conveniente a sus intereses, debe ejercitar dicho derecho con sujeción a aquellas reglas que han sido adoptadas por la sociedad para el bienestar común.   Se imponen toda clase de res-

tricciones a las acciones de los hombres no obstante la libertad que se garantiza a cada uno. Es la libertad regulada por leyes justas e imparciales. Las partes, por ejemplo, están en libertad para otorgar cualesquiera contratos que quieran hacer con un fin legal, pero la sociedad dice qué contratos serán por escrito y cuáles se harán verbalmente, en qué días pueden ser otorgados, y durante qué tiempo pueden hacerse valer si no se cumple con sus términos. Lo mismo sucede también con respecto a las horas de trabajo. En algunos particulares ha habido más reglamentación. Cuántas horas constituirá un día de trabajo a falta de contrato, a qué hora cerrarán por la noche los establecimientos de nuestras ciudades, son materias de constante legislación. Las leyes que excluyen el domingo como día de descanso son válidas, no porque el Gobierno tenga ningún derecho a legislar para promover la observancia religiosa, sino por los derechos que tiene para proteger a todas las personas de la degradación física y moral que proviene del trabajo incesante. Dichas leyes siempre han sido consideradas como leyes beneficiosas y humanas, especialmente para el pobre y necesitado, para los trabajadores de nuestras fábricas, talleres y sitios calurosos de nuestras ciudades; y su validez ha sido sostenida por las demás altas cortes de los Estados.''

Este fué un caso en el cual un precepto de la ley que hacía referencia a determinado oficio fué declarado válido. *A fortiori* una ley que es de aplicación general no debe ligeramente sea declarada inconstitucional.

De igual manera en el caso de *City of Butte* v. *Paltrovitch,* 30 Mont., 18; 104 A. S. R., 698, fué sostenida una ordenanza que disponía que todas las casas de préstamos cerraran a las seis. La corte resolvió que el hecho de que las ordenanzas o reglamentaciones de orden público producen en su aplicación un obstáculo al libre ejercicio de las clases de negocios que están sujetos a ellas no puede por sí sola poner a prueba su validez, y que si ellas proporcionan razonables facilidades para llevar a cabo el negocio no equivalen a una prohibición sino solamente constituye una reglamentación del mismo. Y en *Ex parte Byrd,* 5 A. S. R., 328, se sostuvo una ordenanza semejante relativa a los mercados.

También hacen referencia los apelantes al privilegio o exención que establece el estatuto. El hecho de que el esta-

tuto exima ciertas clases de su aplicación no lo hace inconstitucional cuando claramente aparece que las exenciones eran aquellas en que la ocupación particular sufriría pérdidas inmediatas o cuando las clases excluídas eran trabajos de necesidad. Los apelantes no nos han demostrado que haya sido incluída alguna en el estatuto que no deba incluirse, o que se haya excluído alguna que deba incluirse. Este aspecto de la cuestión fué necesariamente resuelto por nuestra sentencia en el caso de *El Pueblo* v. *Gillies & Woodward*, 20 D. P. R., 500.

No vemos que esta reglamentación del negocio en Puerto Rico sea contraria a la razón. El hecho de que pueda tender incidentalmente a limitar las horas de ciertos oficios o profesiones no puede afectar al principio envuelto. Este tribunal no puede salirse de su derrotero para decir que la reglamentación restringe las horas de trabajo, con el propósito expreso de declarar que la ley es inconstitucional. Si se observa que en muchos de los recientes casos en los cuales ha estado envuelta la cuestión de la limitación de horas, las cortes han estado casi igualmente divididas respecto a la razonabilidad de tal reglamentación, no vemos que exista razón alguna para dar una interpretación forzada al estatuto con el objeto de declararlo inconstitucional. Un caso reciente sobre la razonabilidad de la reglamentación de horas es el de *Stettler* v. *O'Hara*, 139 Pac., 746–47. Cuando un hombre está libre para contratar por diez y ocho o diez y nueve horas diarias no puede decirse que la obligación de suspender el trabajo por un período de cinco horas sea una restricción injustificada de su libertad para contratar. La legislatura pudo haber tenido en cuenta los intereses generales de la comunidad o los intereses y condiciones higiénicas de los determinados oficios y ocupaciones, pero cualesquiera que hayan sido sus motivos no creemos que sea irrazonable la ley de la Legislatura y debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.