AGOSTO *v.* WOODS, ADMINISTRADOR JUDICIAL DEL ABINTESTATO DE ELISA KORTRIGHT.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 189.—Resuelto en diciembre 21, 1907.

ALEGACIONES—DEMANDA Y CONTESTACIÓN—CUESTIÓN EN CONTROVERSIA.—El debate en todo litigio queda planteado por medio de la demanda y la contestación, y á esas alegaciones hay que remitirse para determinar la cuestión en controversia, sin que sea lícito á las partes variar luego los términos de la cuestión que hubieren planteado por virtud de las alegaciones.

ID.—EXCEPCIÓN PREVIA—CONTRATOS—ARRENDAMIENTO DE SERVICIOS.—En una demanda por reclamación de servicios el demandante debe expresar el precio cierto y convenido por los servicios que prestara, ó que tal precio es conocido por la costumbre y uso frecuente del lugar, pues de lo contrario la demanda carecerá de los hechos necesarios para constituir una causa de acción.

ID.—MANDATO.—El mandato, á falta de pacto en contrario, se supone gratuito, y para que la ley presuma la obligación de pagar los servicios prestados por un mandatario, y pueda en este concepto prosperar una demanda en que no se alegue la existencia de precio cierto y convenido, es necesario expresar en dicha demanda que el mandatario tenía por ocupación el desempeño de aquella clase de servicios que prestara, pues de lo contrario tampoco contendrá la demanda los hechos suficientes para constituir causa de acción.

ID.—OBLIGACIONES—CONTRATO DE SERVICIOS SIN ARRENDAMIENTO.—El Libro IV del Código Civil regula todo lo referente á obligaciones y contratos y no se pueden buscar fuera de él *denominaciones caprichosas* para calificar hechos que, atendida la forma de su desenvolvimiento, estén perfectamente comprendidos dentro de alguna de las obligaciones y contratos por dicho Libro regulados, y sostener así la existencia de una acción que de otro modo carecía de los necesarios elementos para hacerla eficaz.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Mott.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

Ante la Corte del Distrito Judicial de San Juan se presentó la demanda enmendada, que dice así:

"Comparece el demandante por conducto de su abogado y expone:

"(1). Que es mayor de edad, como también lo es el demandado, y ambos vecinos de San Juan.

"(2). Que el demandado es el administrador judicial de los bienes del abintestato de la señorita Elisa Kortright, la cual falleció en esta ciudad de San Juan el día 20 de julio de 1906.

"(3). Que con anterioridad al fallecimiento de la señorita Kortright el demandante le rindió innumerables servicios, como agente judicial en muchos y cuantiosos pleitos que seguía la dicha señorita Kortright, bajo la dirección del letrado señor Dexter, y cuyos servicios los prestó (á indicaciones constantes de la señorita Kortright y su abogado).

"(4). Que dichos servicios son los siguientes que copiamos á continuación, á más de otros que á diario le prestaba el demandante, y los cuales no se especifican por ser imposibles su enumeración.

"(a). Por seis viajes á Arecibo en distintas ocasiones para buscar y sacar copias simples y certificadas de documentos viejos en la oficina del archivo general del notario Don Juan Zacarías Rodríguez, á cargo entonces del Licenciado Suliveres, así como también en el registro de la propiedad de dicha villa; estando en cada viaje 4 días en dicha población dedicado exclusivamente á ese trabajo á $50 uno, $300.

"Por tres días que estuve en Manatí, en una notaría, á ese mismo efecto, $30.

"Por estar por espacio de 7 meses buscando en los archivos de la corte de distrito pleitos viejos sostenidos por el padre de la Srta. Kortright, los cuales pasan de 50, y sacar de ellos copias simples y certificadas, $270.

"(5) Que por el montante de seis cientos dollars á que equitativamente asciende la remuneración por los servicios ya mencionados en el párrafo anterior, el demandante, en mayo 21 de 1906, pasó recibo á la Srta. Kortright, obteniendo antes la aprobación del Licdo. Dexter, y el cual recibo, con la nota del Sr. Dexter, lee así:

He recibido de Miss Elisa Kortright la cantidad de seiscientos dollars, en conceptos de honorarios y como remuneración á los servicios rendídoles como agente en todos los pleitos ya vistos y otros por verse, bajo la dirección del letrado Mr. Frank H. Dexter, así como también por busca de documentos viejos en Arecibo y San Juan por otros diversos conceptos.—San Juan, mayo 21 de 1906.—(Firmado) Adrián Agosto.—Son $600.

"Miss Kortright: *I approve this account and think you ought to pay Agosto liberally as he has worked faithfully for you.* (Firmado) F. H. Dexter.

"(6). Que dicho recibo así endosado por el consejero de la Srta. Kortright fué presentado por el demandante á la referida Srta., la

cual estuvo conforme con la cantidad expresada en la dicha cuenta, según manifestación que hizo, tanto al demandante como al Sr. Dexter, la Srta. Kortright, no habiéndole solventado oportunamente, porque esperando ella salir para dar las órdenes para el pago, se agravó más en la enfermedad que padecía, acaeciendo su muerte algún tiempo después.

"(7). Que necesitando el demandante el dinero para las atenciones de su vida, y habiéndose pasado ya tanto tiempo sin que le sea posible, de otra manera, hacer efectiva su cuenta.

"Á la corte suplica, se sirva declarar con lugar esta demanda, ordenando al demandado á que pague al demandante de los bienes del abintestato, del cual es administrador, la cantidad de seiscientos dollars como remuneración por los servicios prestados, más los intereses legales y las costas de este pleito. Entre líneas: "el dinero valen." San Juan, Puerto Rico, marzo 6 de 1907.—(Firmado) Cay. Coll y Cuchí, abogado del demandante.—Adrián Agosto Abadía, debidamente juramentado expone: Que ha leído la precedente demanda, que todos los hechos que en ella se mencionan son ciertos por constarle de su propio conocimiento.—(Firmado) Adrián Agosto, Principal.

"Suscrita y jurada ante mí hoy seis de marzo de 1907.—(Firmado) L. Abella Blanco, Notario Público."

El demandado D. Eduardo Woods, por medio de su abogado D. Herminio Díaz Navarro, opuso á esa demanda la excepción previa de no exponerse en ella hechos bastantes para constituir una causa de acción, pues no se deduce de la misma que haya existido un pacto ó un convenio, hecho en debida forma entre la difunta Srta. Kortright y el demandante Sr. Agosto para la remuneración de las servicios que como agente judicial afirma que prestó á la demandada.

No consta la resolución que se dictó sobre esa excepción previa, pero consta después la contestación á la demanda, y por esto debemos presumir que la excepción se desestimó.

En la contestación jurada, no se admite ninguna de las afirmaciones hechas por el demandante, se alega que no aparece tampoco de la demanda hechos que expliquen como estableciéndose la primitiva demanda á nombre de Marcela Abadía, á quien se endosó el recibo de Agosto expresivo de la deuda de la Srta. Kortright, venga ahora como demandante

Agosto sin que se le haya reendosado el expresado recibo, y se alega, además, que la demandada nunca necesitó los servicios á que el demandante se refiere, ni ellos tuvieron finalidad ni importancia, y pide que la demanda se declare sin lugar con las costas al demandante.

Celebrado el juicio y practicadas las pruebas, el juez de la corte de distrito, después de referir los hechos esenciales de la demanda, afirma en 31 de mayo de 1907 que no contiene una causa de acción, puesto que no se alega la existencia de un contrato por determinado salario, ni tampoco un precio especificado y cierto, como es indispensable en los contratos por arrendamiento de servicios, cobrándose por el contrario un precio equitativo, ó sea razonable y no convenido expresamente. Por tales razones, declara que el demandante no tiene derecho á recobrar nada de la parte demandada por razón de los servicios que reclama en su demanda con las costas; y sé ordena que el secretario anote un fallo de conformidad con la decisión.

La sentencia se dictó en dicho día 31 de mayo de 1907, registrándose al siguiente día 1º. de junio.

En catorce del propio mes se interpuso recurso de apelación para ante esta Corte Suprema.

Tenemos á la vista el récord y en él consta una exposición del caso, debidamente aprobada por el juez sentenciador. El apelante y demandante, por medio de su abogado, sostiene en su alegato presentado ante esta corte, que habiéndose celebrado el juicio en su totalidad, bajo la base de que la demanda era para recobrar el valor de servicios, este tribunal debe pasar por alto cualquier irregularidad en el escrito de demanda y adoptar el mismo punto de vista del asunto que adoptaron todas las partes en la corte de distrito.

El error de esta corte, dice el apelante, consiste en haber ignorado que además del contrato de arrendamiento de servicios, existen también los "contratos de servicios sin arrendamiento."

Bajo estos esenciales argumentos es que gira el alegato de la parte apelante.

Este tribunal no puede prescindir de las irregularidades de la demanda, cuando realmente, como en este caso, no son irregularidades, sino omisiones importantes, cual es la de no expresar los hechos que determinen la causa de acción que se ejercita. El debate queda planteado en todo litigio por medio de la demanda y de la contestación, y no es lícito variar luego los términos de la cuestión esencial controvertida.

Y esto que es atinente en términos generales, menos puede hacerse en el presente caso, en el que el demandado contestó la demanda y entró al juicio bajo una protesta, que no otra cosa significa la excepción previa alegada de que se ha hecho mérito y que fué seguramente desestimada.

Las obligaciones, según el artículo 1056 del Código Civil Revisado, nacen de la ley, de los contratos y cuasi contratos, y de los actos y omisiones ilícitos ó en que intervenga cualquier género de culpa ó negligencia.

En el caso concreto que examinamos, las obligaciones que se suponen contraídas sólo pueden nacer de un contrato ó de un cuasi contrato.

Cuando en la demanda se dice que Agosto "rindió á la Srta. Kortright innumerables servicios como agente judicial," claramente se da á entender que se trata de un contrato de arrendamiento de servicios y, en tal caso, no se expresa el precio cierto y convenido, porque esos servicios se prestaron, sino que, por el contrario, se reclama, según se dice, una remuneración razonable ó equitativa. La ley, en este caso, exige que el precio sea especificado y convenido. (Artículo 1447 del Código Civil Revisado.) Falta, pues, la causa de acción que se alegó como excepción y se tuvo en cuenta para dictar la sentencia recurrida.

¿Pero es que los hechos de la demanda son bastantes para constituir la causa de acción del contrato denominado mandato? En manera alguna, porque el mandato, á falta de

pacto en contrario, se supone gratuito, y para que la demanda en tal supuesto prospere, era necesario que en ella se hubiera alegado que el mandatario, ó sea Agosto, tenía por ocupación el desempeño de servicios cómo agente judicial, en cuyo caso la ley presume la obligación de retribuirlo. (Artículo 1613 del Código Civil Revisado.) No hay tampoco bajo este punto de vista hechos en la demanda que determinen una causa de acción.

¿Puede decirse que se trata aquí del cuasi contrato denominado "gestión de negocios ajenos?" En manera alguna. Nada en la demanda revela que Agosto se encargase voluntariamente de la agencia ó administración de los negocios de la Srta. Kortright.

La demanda desenvuelve sin género alguno de duda elementos de un contrato de arrendamiento de servicios y ese y no otro fué el propósito de Agosto al deducir su acción ante la corte de distrito.

Pero esa demanda, tal como se ha presentado, no expresa hechos que determinen una causa de acción.

No se diga que aquí no se trata de un contrato de arrendamiento de servicios sino de "un contrato de servicios sin arrendamiento" para deducir de aquí la perfección de la demanda.

El libro 4º. del Código Civil Revisado regula todo lo referente á obligaciones y contratos y no se pueden buscar fuera de él denominaciones caprichosas.

En la apelación de *Dionisio García* v. *Baltasar Cañada,* fallado por este tribunal en 6 de diciembre de 1906, con la opinión del Juez Sr. Wolf, se trataba de un caso, sino igual bastante semejante al presente.

Allí se expuso la doctrina consignada en la sentencia del Tribunal Supremo de España de 18 de octubre de 1899, al interpretar el artículo 1544 del Código Civil anterior, que es igual al 1447 del Revisado.

Tenemos que concluir como entonces que sin que exista un precio cierto pactado ó no se alegue que el precio de los servi-

cios es conocido por la costumbre y uso frecuente en el lugar en que tales servicios se prestaron, la demanda es insuficiente.

En mérito de las razones expuestas, la sentencia recurrrida debe confirmarse con las costas del recurso á cargo del apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.