COMPAÑÍA POPULAR DE TRANSPORTE, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. EMILIO S. BELAVAL, JUEZ, y CORTE MUNICIPAL DE BAYAMÓN, HON. JOSÉ N. QUIÑONES, JUEZ, demandadas.

Núm. 1526.—*Sometido:* Junio 22, 1943. *Resuelto:* Febrero 17, 1944.

122

*Artemio P. Rodríguez,* abogado de la peticionaria; *Dubón & Ocho-teco,* abogados del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Acogiéndose al procedimiento provisto en la Ley núm. 10 de 1917, José Cumba radicó una querella contra la Compañía Popular de Transporte en la Corte Municipal de Bayamón sobre reclamación de salarios. Alegó como causa de acción que celebró un contrato verbal de arrendamiento de servicios con la querellada, a virtud del cual el querellante desempeñaría el cargo de capitán de las embarcaciones que utiliza dicha compañía en su negocio de porteador público de pasa-

jeros entre San Juan y Cataño; que el salario convenido fué de $19.25 semanales por siete días de trabajo a la semana, a razón de $2.75 por día de faena de nueve horas; que el querellante estuvo en el desempeño de su empleo desde el 21 de julio de 1937 hasta el 21 de julio de 1940, y durante todo ese tiempo la querellada no le concedió el día de descanso por cada seis días de trabajo que prescribe la ley, y que los días de descanso de que no disfrutó suman 156, que a razón de $2.75 cada uno montan a la cantidad de $429, cantidad que no le ha sido satisfecha por la querellada ni en todo ni en parte a pesar de sus gestiones con ese fin. Termina la querella con súplica de sentencia que condene a la querellada a pagarle la cantidad de $429 con los demás pronunciamientos de ley.

A base de excepciones previas interpuestas por la querellada, la corte municipal desestimó la querella, recurriendo entonces el querellante para ante la Corte de Distrito de Bayamón. Reprodujo allí la querellada las mismas cuestiones de derecho que había interpuesto en la corte municipal, es decir, una "Moción sobre Nulidad de Citación y sobre Eliminación y Desestimación y Archivo de Querella," una "Moción sobre Especificación de Detalles" y por último un escrito de "Excepciones Previas y Contestación." La corte inferior, pasando sobre las cuestiones de derecho levantadas por la querellada, las declaró todas sin lugar declarando: (a) que la corte municipal tenía jurisdicción para conocer del caso, porque la querella está predicada en la reclamación de jornales devengados en días de descanso, siendo utilizado el procedimiento rápido que para la reclamación de salarios devengados establece la Ley núm. 10 de 1917, según ha sido enmendada; (b) que la querella aduce hechos constitutivos de causa de acción; y (c) que la querella no es ambigua ni ininteligible ni dudosa, y por el contrario ofrece a la querellada toda la información necesaria para preparar su contestación. Refiriéndose a la diferencia que trató de establecer

la querellada entre empleados de una casa de comercio o industria y empleados de una empresa de utilidad pública, la rechazó la corte inferior declarando que el remedio que ofrece el estatuto se aplica a todos los empleados de casas de comercio o de industria, ya se dediquen a negocios privados o a empresas públicas. La parte dispositiva de la resolución de la corte inferior ordenó que se devolviese el caso a la Corte Municipal de Bayamón para ulteriores procedimientos de conformidad con los trámites establecidos en la Ley núm. 10 de 1917, según ha sido enmendada.

Para revisar la citada resolución de la Corte de Distrito de Bayamón, radicó en este tribunal la Compañía Popular. de Transporte la petición de *certiorari* que ahora nos ocupa. Teniendo en cuenta el interés público envuelto en las cuestiones suscitadas en este caso, expedimos el auto de acuerdo con la Ley núm. 32 de 3 de mayo de 1943, que nos concede discreción para dentro del recurso de certiorari considerar y revisar cualquier alegado error, tanto de procedimiento como de derecho sustantivo, sea o no revisable mediante apelación la resolución de que se trate.

Las cuestiones levantadas por la peticionaria giran todas alrededor de la interpretación que a la luz de la Ley núm. 110 de 13 de mayo de 1937 debe darse al contrato de arrendamiento de servicios celebrado entre José Cumba y la Compañía Popular de Transporte. Ya conocemos los términos del contrato. Examinemos ahora la ley a que acabamos de referirnos. En lo pertinente dice así:

"Sección 1.—Que la Ley No. 54, aprobada el 28 de abril de 1930, 'Para enmendar el artículo 553 del Código Penal y para otros fines,' queda enmendada. y reenactada en su parte dispositiva del modo siguiente:

" 'Sección 1.—Que el artículo 553 del Código Penal tal como ha sido enmendado en agosto 9, 1931, marzo 28, 1914, noviembre 23, 1917 y mayo 20, 1925, quede enmendado de la manera siguiente:

" ' 'Artículo 553.—Los domingos, durante todo el día excepto cuando fueren domingos los días 24 de diciembre, y primero y 5 de

enero; el primer lunes de septiembre (*Labor Day*), y el día 4 de julio; los días de fiesta legal desde las 12 a. m.; todos los sábados desde las 9 p. m.; todos los días laborables desde las 6 p. m. y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 p. m., permanecerán cerrados al público; y una hora después de cerrados, no se permitirá ninguna clase de trabajo para los empleados en los establecimientos comerciales e industriales, con excepción de los designados a continuación:

" ' *       *       *       *       *       *       *

" ' '6. Las empresas de utilidad pública y cuasi públicas, y los trabajos urgentes y necesarios para evitar peligro y considerables pérdidas de dinero.

" ' '*       *       *       *       *       *       *

" ' 'Sección 2.—Los empleados y dependientes de las empresas y establecimientos exceptuados por la ley, que presten sus servicios a base de un salario anual, mensual, semanal o en cualquier forma, que no sea por jornal o ajuste a un tanto alzado, tendrán derecho a un día de descanso por cada seis de trabajo, con salario íntegro.' "

Siendo como es la querellada, aquí peticionaria, una empresa de utilidad pública, su empleado José Cumba, quien conforme aparece de la querella prestaba servicios a base de un salario semanal, tenía derecho por mandato expreso de la ley a que su patrono le diese un día de descanso por cada seis días de trabajo con salario íntegro por dichos siete días. En otras palabras, el patrono venía obligado a pagarle el salario correspondiente al día de descanso sin que pudiese exigirle a cambio de dicho salario, por prohibírselo la ley, el trabajo del empleado durante dicho día de descanso. Pero se arguye que como el patrono y el empleado, conforme aparece de la faz de la demanda, trataron un salario de $19.25 por una semana de siete (no seis) días de trabajo, el salario correspondiente al día de descanso fué pagado por el patrono, y que no siendo la Ley núm. 110, supra, una ley de salario, es de aplicación lo dicho por este tribunal en el caso de *Cardona* v. *Corte,* 62 D.P.R. 61, 98:

"Es decir, si las partes en realidad convinieron en que el obrero recibiría $1.68 por doce horas, resultando que el tipo por hora es

14 centavos, el obrero ya ha sido totalmente compensado al tipo ordinario por todas las doce horas, aunque él tendrá, desde luego, derecho a la compensación extra por la novena hora que el estatuto específicamente dispone deberá recibir.''

No requiere gran esfuerzo el distinguir el presente del caso de *Cardona,* supra. En aquél la ley aplicada no obliga al patrono a pagar ninguna hora sin recibir a cambio del salario el correspondiente trabajo del obrero. De ahí que se dijera en dicho caso que si las partes en realidad habían convenido que el obrero habría de recibir $1.68 por doce horas, o sea a razón de catorce centavos la hora, al recibir la cantidad de $1.68 diarios había sido totalmente compensando por todas las doce horas, aunque desde luego tenía derecho a la compensación extra que se prescribe por la ley para la novena hora. Pero la Ley núm. 110 dispone que el obrero o empleado, como lo era Cumba, de una empresa de utilidad pública y cuasi pública tiene derecho a recibir el salario correspondiente al día de descanso sin trabajarlo. De manera, pues, que cuando el supuesto patrono en el caso de *Cardona,* supra, conviene con su empleado u obrero un salario de $1.68 por cada día de doce horas de trabajo, se celebra un contrato con causa porque el obrero o empleado está recibiendo a cambio de las cuatro horas extras que trabaja un salario que no tenía derecho a recibir si no prestaba el servicio. Empero, en el caso de autos el obrero, al convenir con el patrono trabajar durante el día de descanso a cambio de un salario de $19.25 por siete días de trabajo, no está recibiendo compensación alguna por el trabajo de ese día, porque sin trabajarlo tiene derecho a recibir su salario íntegro por mandato de la ley. En otras palabras, el obrero está dando al patrono su labor del día de descanso a cambio de nada, y por consiguiente en lo que al trabajo de dicho día respecta no existe causa, y si asumiéramos a los efectos del argumento que la causa existe, sería ilícita en lo que respecta al patrono.

Establecida la anterior conclusión, es enteramente aplicable lo prescrito en el artículo 1227 del Código Civil (ed. 1930), que dice:

"Los contratos sin causa, o con causa ilícita, no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o a la moral."

■ No podrá argüirse que el empleado podía renunciar al día de descanso con salario que le concede la ley. A ello se opone el artículo 4 del Código Civil, que en lo pertinente prescribe:

"Los derechos concedidos por las leyes son renunciables, *a no ser esta renuncia contra la ley, el interés o el orden público,* o en perjuicio de tercero." (Itálicas nuestras.)

Que el precepto legal que concede un día de descanso a los obreros o empleados que se hallan en el caso de Cumba es uno de orden público, es una proposición que se prueba por sí misma (*self-evident*). Como ha dicho un eminente jurista español, "sólo es digno de respeto lo que se hace de conformidad con la ley." Por consiguiente aquella parte del contrato de servicios en que Cumba se obligó a trabajar para su patrono el día de descanso que con salario íntegro le concede la ley, debe entenderse por no puesta y limitado el contrato a los términos claros y precisos de la ley, es decir, el obrero o empleado a trabajar seis días y por esos seis días el patrono a pagarle el salario correspondiente a siete días.

■ ¿Tiene derecho el interventor Cumba a ser compensado por el trabajo que realizó para su patrono durante los días de descanso a pesar de ser inexistente el contrato celebrado en lo que a dichos días respecta? A nuestro juicio, puede cobrarlo con el mismo derecho que si el día de descanso lo hubiese trabajado para cualquiera otra persona que no fuese su patrono regular. Decir que el obrero no tiene derecho a cobrar el precio razonable del trabajo que en beneficio de su patrono realizó durante los días de des-

canso, equivale a ignorar el principio de justicia eterna a virtud del cual a nadie le es permitido enriquecerse injustamente a costa de otro. Tratando de este principio de derecho, dice la Enciclopedia Jurídica Española, tomo 14, pág. 261:

"Enriquecimiento Torticero. Modo de enriquecerse injusto, que no se arregla a las leyes o a la razón. Es locución anticuada, pero que todavía se usa en lo forense, con alusión al principio de derecho consignado en la regla 17, tít. XXXIV, Part. 7a, según el cual nadie debe enriquecerse torticeramente en perjuicio de otro, que tiene su antecedente y origen en la ley 206 del Digesto. De regul. jur., a cuyo tenor 'es conforme al Derecho natural que ninguno aumente su patrimonio con daño e injuria de otro.' El texto Alfonsino es como sigue: 'E aun dixeron (los sabios antiguos), que ninguno non deue enriquescer tortizeramente con daño de otro.'

"Según reiteradamente ha declarado la jurisprudencia, no se enriquece torticeramente, es decir, no aumenta su patrimonio con daño e injuria de otro, *el que usa de su derecho, ni quien recibe lo que le corresponde con arreglo a las leyes y por justo título.*" (Itálicas nuestras.)

Ya hemos demostrado que el enriquecimiento que tendría el patrono carece de causa. Sobre la institución del enriquecimiento injusto y su aplicación en el derecho civil español, el tratadista Valverde, en una nota al calce de la pág. 642 del tomo 3 de su Tratado de Derecho Civil Español, dice:

"La institución del enriquecimiento sin causa, es susceptible de aplicación en múltiples casos que es imposible prever, pues no sólo se ve su aplicación en el pago indebido, sino v. gr., en determinadas accesiones o incorporaciones a la propiedad, y en suma, siempre que haya existido un enriquecimiento, un aumento de la propiedad o en los derechos de uno, de modo indebido o sin causa. Nuestro código, siguiendo al francés, no ha formulado respecto de ella principios generales, no así otros códigos como el alemán, que la regulan, y con razón, como fuente importantísima de obligaciones, pues ya hemos dicho que el principio jurídico del enriquecimiento sin causa, es una regla superior de equidad que domina, y cada día dominará más, muchas relaciones de derecho privado, naciendo de tal prin-

cip'io la importante consecuencia de la restitución. Del enriquecimiento sin causa, nace la acción *in rem verso,* para repetir el enriquecimiento indebido, y como tal acción deriva de un principio de equidad, en realidad no puede estar sometida en su ejercicio a ninguna regla determinada. Lo que sí importa decir es, que allí donde existe un enriquecimiento sin causa dependiente de otro, nace la obligación de restituir por parte de la persona enriquecida, sea cualquiera su condición y capacidad jurídica.

"Esta institución está basada en un principio de derecho que nadie discute, que admite la jurisprudencia de todos los países, y es que 'nadie debe enriquecerse a costa de otro,' y en dos fundamentales condiciones: 1ª, que haya un enriquecimiento en el patrimonio de un individuo, y 2ª, que este enriquecimiento no tenga causa jurídica. Se han expuesto varias teorías para explicar esta institución."

Es verdad que nuestro Código Civil, como el español, no ha formulado principios generales respecto a la institución del enriquecimiento injusto. Pero como dice Valverde (véase la cita) no es necesario que el código regule esta institución, pues el principio jurídico de enriquecimiento sin causa es una regla superior de equidad que se aplica siempre que haya existido un injusto enriquecimiento. Esta institución no está basada en la existencia de un contrato. Si así fuera, no habría necesidad de recurrir a ella, ya que las partes tendrían que atenerse al contrato, que es ley entre los contratantes. Ya hemos dicho que en el presente caso no sólo no existió causa por parte del patrono si que de haber existido, sería ilícita, porque constituye delito por parte del patrono no conceder a su obrero o empleado un día libre con salario íntegro por cada seis días de trabajo. No habiendo existido causa, el contrato es inexistente. Como dice Manresa, "Nulo en absoluto, sin producir efecto alguno, como celebrado sin explicación suficiente, sin razón de ser, es el contrato sin causa." 8 Manresa, Código Civil (ed. 1907) 683. Y tratando de los contratos con causa ilícita, el mismo autor, ob. y t. citados a la página 788, dice: "Entendemos, en efecto, que los contratos con causa u objeto ilícitos, se deben reputar ante el derecho inexistentes."

Por esta razón no es necesario discutir aquí los casos de *García* v. *Cañada,* 11 D.P.R. 421; *Agosto* v. *Woods,* 13 D. P.R. 369; *Ledesma* v. *Araújo,* 15 D.P.R. 249, y *Ex parte Capó* y *Rivera,* 59 D.P.R. 899, mencionados en el caso de *Cardona,* supra, porque en dichos casos existió causa lícita y fueron resueltos a base del contrato de servicios, mientras que en el presente no existió contrato en lo que respecta al trabajo realizado durante el día de descanso, y el derecho a compensación surge, como hemos visto, a base de la doctrina de enriquecimiento injusto, que no se aviene con la existencia de un contrato. Véanse los artículos 1434 y 1473 del Código Civil.

De la amplia discusión que de este caso hemos hecho, fácilmente se concluye que la querella presentada por Cumba aduce hechos constitutivos de causa de acción a base de la doctrina de injusto enriquecimiento. Concedemos que la querella pudo ser mejor redactada, pero como dijéramos en *Cardona* v. *Corte,* supra (pág. 95), ''Y si se levanta la cuestión de perfección en las alegaciones, deberá recordarse que estos casos se originaron en la Corte Municipal a virtud de querellas suscritas por los obreros solamente, y que la sección 6 de la Ley núm. 10, Leyes de Puerto Rico, 1917 (II, pág. 217), impone a las cortes el deber de no tomar en consideración defectos de forma en pleitos que en reclamación de salarios se traigan de acuerdo con ella.''

Como en el caso de *Cardona,* tantas veces citado, la querella en éste fué presentada en la corte municipal y suscrita por el empleado solamente.

Que en el presente caso se trata de una reclamación de salarios, es cuestión fuera de duda. Lo que se reclama no es, como hábilmente arguye el patrono, una indemnización por no haberse concedido al empleado su día de descanso. El empleado reclama el salario correspondiente al trabajo que realizó durante los días de descanso, para los cuales días la ley le concedió el derecho de recibir el salario sin traba-

jar y el patrono, pasando por sobre el mandato expreso de la ley, pretendió y logró que trabajase sin retribución alguna, puesto que la que le dió era la que la ley le ordenaba a darle sin que el obrero tuviese obligación de trabajar.

La cuestión que corresponde determinar ahora es si erró o no la corte de distrito al remitir el caso a la corte municipal para que se continuase allí su tramitación.

El artículo tres de la Ley para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles (Leyes de 1908, pág. 124), según fué enmendado por la Ley núm. 31 de 11 de mayo de 1934 (pág. 293), resuelve sin lugar a dudas la cuestión planteada. Dicho artículo en lo pertinente prescribe:

"Al anunciarse la vista de la apelación, el tribunal, a instancia del apelante, revisará y tomará en consideración cualquiera providencia, resolución, auto u orden por los cuales se creyere éste perjudicado. Resueltas estas cuestiones *se procederá a la vista de la causa* tal como resulta de las alegaciones, a no ser que en virtud de excepción previa, permitiese el juez que fueren enmendadas la demanda o la contestación. *Dispuesto así el pleito para la vista, se tramitará como nuevo juicio,* rigiendo para el mismo todas las disposiciones y reglamentos judiciales aplicables a la vista de pleitos originalmente iniciados en la corte de distrito." (Itálicas nuestras.)

Como muy bien dicen en su alegato los abogados del querellante, aquí interventor, en consonancia con el precepto legal transcrito, el juez de la corte de distrito no debió devolver el caso a la corte municipal sino celebrar el juicio ante su propio tribunal.

Finalmente, debemos consignar que no estamos de acuerdo ni podemos aceptar como bueno el razonamiento del Tribunal Supremo de España expuesto en su sentencia de 8 de enero de 1940, invocado por el abogado del patrono, aquí peticionaria, a saber:

"El derecho a las vacaciones no admite compensación en metálico porque ello se opondría a su finalidad de reportar un descanso beneficioso para la naturaleza del trabajador."

132

A ese argumento podríamos replicar que el remedio sugerido por dicho tribunal, lejos de curar, agravaría el mal que se trata de evitar, premiando al patrono al enriquecerlo a costa del trabajo del obrero. Impónganse fuertes penas al patrono que no concedió al obrero ese "beneficioso descanso," y lo que ha demostrado la experiencia ser más efectivo, oblíguesele a pagar doble o triple compensación por el trabajo realizado durante el día que la ley concede al obrero para reponer sus fuerzas, pero no se castigue al que las más de las veces, ya por ignorancia, ya obligado por la miseria, se ve en la necesidad de renunciar con perjuicio de su salud ese beneficioso descanso que una ley humanitaria le concede, no sólo en beneficio propio, si que de la comunidad en general.

Las conclusiones a que llegó la corte inferior son correctas con excepción de aquella que dispone la devolución del caso a la corte municipal. Este pronunciamiento debe ser modificado en el sentido de ordenar que el caso continúe en la corte de distrito para su tramitación de conformidad con los principios expuestos en esta opinión. *Así modificada la resolución, se confirma.*