ALFREDO NAZARIO, ETC., demandante y recurrente, *v.* LÁMPARAS QUESADAS SALES CORPORATION, demandada y recurrida.

*Número:* R-69-270      *Resuelto:* 7 de diciembre de 1970

---

*Manuel Janer Mendía, Ángel Alfonso Colón* y *Federico Monta-
ñez Delerme,* abogados del recurrente; *Sara Torres Peralta*
y *Gustavo Adolfo del Toro,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del
Tribunal.

A tenor con el convenio colectivo acordado con la Her-
mandad de Empleados de Lámparas Quesadas de Puerto Rico,
la querellada retuvo del salario semanal de su vendedor Ro-
berto Gómez un 25 por ciento de los $7.00 que le correspondía
a éste percibir por la venta de cada lámpara. [1] El Secre-

---

[1] Al respecto dispone el convenio colectivo lo siguiente:

"ARTÍCULO XVI

ENCARGADO DE VENTAS

Por la naturaleza de las labores que realizan estos obreros quedan
expresamente excluidos de las disposiciones relativas a salarios, jornada
de trabajo, horario y garantía de compensación semanal mínima que cubre
a los demás trabajadores cubiertos por este contrato y se regirá su sistema
de trabajo por las siguientes estipulaciones:

. . . . . . .

H.—La Empresa pagará semanalmente el 75% de los contratos acre-
ditados y aceptados durante cada semana, a razón de $7.00 por cada
contrato de las ventas a plazos acreditados y aceptados por La Empresa
a partir de la fecha de la firma o efectividad del presente convenio
colectivo.

I.—El 25% restante de dichas ventas será liquidado cada seis (6)
meses sobre las recogidas durante ese período de tiempo. Para estos fines
La Empresa llevará récords de las recogidas de cada Encargado de Ventas;

tario del Trabajo, en representación y para beneficio del mencionado vendedor, instó una querella contra Lámparas Quesadas Sales Corporation reclamándole la cantidad de $1,469 más otra suma igual por concepto de penalidad adicional, alegando que la retención semanal indicada era ilegal por contravenir las disposiciones de la Ley Núm. 17 de 17 de abril de 1931, 29 L.P.R.A. secs. 171–177, la cual limita los descuentos que pueden legalmente efectuarse en el salario de los trabajadores.

El tribunal de instancia dictó sentencia sumaria desestimando la querella, fundándose en que la reclamación objeto de la misma no se había sometido al procedimiento de arbitraje establecido en el convenio colectivo, conforme lo resuelto en *Pérez* v. *A.F.F.*, 87 D.P.R. 118 (1963). El Secretario del Trabajo nos pide que revoquemos la sentencia así dictada aduciendo que: a) la retención del salario semanal pactada en el convenio colectivo es nula e inoperante por no estar autorizada por la Ley Núm. 17 de 17 de abril de 1931, *supra*, y, b) que él no es parte firmante del convenio colectivo por lo que no está obligado ni atado a los términos del mismo.

No hay duda de que si la mencionada Ley Núm. 17 prohibiera la retención del salario semanal pactada por la querellada y la Hermandad de Empleados de Lámparas Quesadas de Puerto Rico, la cláusula de retención del convenio colectivo sería nula por contravenir una prohibición estatutaria que es de incuestionable orden público. *Cf. Pérez* v. *A.F.F.* supra, *Compañía Popular* v. *Unión de Empleados,*

ENTENDIÉNDOSE, que si el cliente ha satisfecho tres (3) plazos, no se contará como recogidas. La Empresa conviene en reembolsar al Encargado de Ventas el balance que obre a favor del Encargado de Ventas al hacerse la liquidación. Si el Encargado de Ventas tuviere recogidas en exceso del 25% que aquí se estipula, vendrá obligado a reembolsarle dicha diferencia a la Empresa en plazos razonables.

J.—El Encargado de Ventas será un comisionista que trabajará a comisión con las ventas que realice él personalmente o su vendedor con arreglo a la siguiente tabla:

.     .     .     .     .     .     .     ."

69 D.P.R. 179 (1948). Es por eso imprescindible examinar las disposiciones de la Ley Núm. 17 para ver si prohíben o no tales retenciones. La Sección 5 de dicha ley es la pertinente:

"Sección 5

En el caso de que el patrono o su apoderado haga un anticipo de moneda legal de los Estados Unidos de América al obrero, tendrá derecho a descontar esta suma del salario de éste. Sin embargo, ninguna retención de salarios podrá exceder del total de la suma adelantada. *Salvo en los casos previstos en esta sección, ningún patrono podrá descontar por ningún motivo parte del salario que devenguen los obreros para ser pagados a otras personas, excepto* (a) cuando el obrero autorizare por escrito a su patrono a descontar de su salario determinada suma para pagarla como cuota del obrero a cualquier asociación organizada de acuerdo con las secs. 41 a 55 del Título 6, y dedicada a la prestación de servicios hospitalarios de Puerto Rico;" (Bastardillas nuestras.)

■ La frase clave de este texto es *"para ser pagados a otras personas"*. Eso es lo que ciertamente prohíbe, que se hagan descuentos en el salario semanal de un trabajador para ser pagado a otras personas. Dicho texto no incluye las retenciones del salario que, como los del presente caso, han de pagarse al propio trabajador luego que se efectúe la liquidación correspondiente. La preocupación fundamental del legislador al aprobar la Sec. 5 de la Ley Núm. 17 fue garantizar la *integridad* del salario del trabajador impidiendo que se le hicieran retenciones para forzarlo a pagar deudas sin acudir a los procedimientos normales de ley. Conviene aclarar que aunque aprobadas en el 1931, las disposiciones de la Ley Núm. 17 tienen existencia desde que se aprobó la Ley Núm. 91 de 1917.* Al compararse ambos textos

---

* NOTA DEL COMPILADOR: La Ley Núm. 91 de 1917 fue promulgada por el Secretario Ejecutivo de Puerto Rico el 31 de marzo de 1919. Véase "Apéndice al Tomo II de las Leyes de Puerto Rico de 1917", páginas 2, 11–15, impreso en el año 1919.

se notará que la una es sustancialmente una reproducción de la otra. La explicación de esta aparente repetición legislativa es que la *promulgación* de la Ley Núm. 91 del 1917 fue declarada nula en el 1931 por la Corte de Circuito de Apelaciones de Estados Unidos para el Primer Circuito en *Puerto Rico Telephone Co.* v. *People of Puerto Rico*, 47 F.2d 484 (1931). Inmediatamente después de este fallo la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 17 de 1931 restableciendo sustancialmente las disposiciones de la Ley Núm. 91 de 1917. Véase las notas del Editor en 2 L.P.R.A. sec. 183 y 29 L.P.R.A. sec. 144. Véase, además, Géigel Polanco, *Legislación Social de Puerto Rico*, pág. 200 (ed. 1936).

Por muchos años existió en Puerto Rico, principalmente en la industria azucarera, la práctica de pagarles a los trabajadores su jornal semanal en fichas o tickets que sólo podían cambiarse en determinados establecimientos mercantiles, que la mayor de las veces pertenecían al mismo patrono que efectuaba el pago. También se acostumbraba pagar el salario en mercaderías y provisiones. Con frecuencia se defraudaba al obrero mermándole su salario con mercancías de baja calidad y de menor peso y medida. Ello dio motivo a sangrientas huelgas en la fase agrícola de la industria azucarera allá por los años de 1915 y 1916. Véase *Cuarto Informe Anual del Negociado del Trabajo a la Asamblea Legislativa de Puerto Rico*, fechado el 25 de febrero de 1916. En dicho Informe se recomendó a la Asamblea Legislativa que adoptara legislación para abolir tan abusivas prácticas. Este fue el origen de las disposiciones de la Ley Núm. 91 de 1917 que, como ya dijimos, se reprodujeron en la Ley Núm. 17 de 1931, hoy vigente.

Como puede verse, ni del texto ni del contexto histórico que motivó la aprobación de la Sec. 5 puede inferirse la intención de impedir las reservas o retenciones de salarios para ser pagadas al mismo trabajador. No debemos noso-

tros a estas alturas, cuando es de conocimiento general que estas prácticas han desaparecido, ampliar por fiat judicial esta prohibición estatutaria para impedir cláusulas de retención de salarios como la pactada en este caso, reduciendo así el ámbito de la negociación colectiva y restándole flexibilidad sin beneficio alguno para los trabajadores. Tal interpretación adolecería, a nuestro juicio, de un paternalismo excesivo. *Cf. Nazario* v. *Tribunal Superior*, 98 D.P.R. 846 (1970).

■ En resumen, concluimos que la cláusula de retención del salario semanal pactado en este caso no contraviene las disposiciones de la Ley Núm. 17 de 17 de abril de 1931, *supra*, y, por lo tanto, no cometió error el tribunal de instancia al desestimar la querella por no haberse sometido la reclamación objeto de la misma al procedimiento de arbitraje establecido en el convenio colectivo.

■ Con respecto a la contención del recurrente de que no siendo el Secretario del Trabajo parte del convenio colectivo no viene éste obligado a someterse al procedimiento de arbitraje, basta decir que en *Nazario* v. *Tribunal Superior*, supra, dispusimos de un apuntamiento idéntico en forma adversa, expresando:

"Cabe añadir que las relaciones obrero-patronales del país no pueden estar sujetas a una regla tan injusta y desigual como la que el Secretario pretende que adoptemos. Ésta sería en el sentido de que mientras una parte contratante queda obligada por el convenio colectivo a someterse a arbitraje, la otra parte puede, mediante la intervención de los abogados del Departamento del Trabajo, evadir su obligación contractual de ir a arbitraje. La idea en sí es contraria a las más básicas nociones de justicia. Al hacer jurisprudencia sobre una materia que se ha ido desarrollando en tan gran medida mediante el derecho jurisprudencial nuestra jurisprudencia tiene que estar informada por un pensamiento consistente y sistemático."

*Se dictará sentencia confirmando la dictada por el tribunal de instancia en este caso.*

El Juez Presidente Señor Negrón Fernández no intervino, al igual que el Juez Asociado Señor Santana Becerra.